The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injuries by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time an employment relationship existed between the plaintiff and defendant/employer.
3. Defendant/employer was insured by National Surety Corporation through October 31, 1994. As of November 1, 1994, Royal Insurance Company became the workers' compensation for the defendant/employer.
4. Defendants stipulated that the plaintiff's average weekly wage was $292.00.
5. A group of medical records concerning plaintiff, collectively marked as Stipulated Exhibit One, are stipulated into evidence.
6. A group of time cards for the plaintiff were stipulated into evidence as Stipulated Exhibit Two.
7. The issues before the Commission are whether the plaintiff suffered a new injury to her back on February 14, 1995 for which Royal Insurance Company would be the appropriate compensation carrier and in the alternative did the plaintiff suffer a change of condition and/or reinjury on February 14, 1995 of her already existing back injury so as to make National Surety Corporation the appropriate workers' compensation carrier.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing of the above-captioned matter, plaintiff was forty-six years old.
2. On January 31, 1994, plaintiff was employed by the defendant/employer as a warehouse manager. Plaintiff was waxing floors when she suffered a sharp, intense pain in her mid back to right buttocks area. Plaintiff was seen by Dr. Michael Cohen on February 14, 1994. Dr. Cohen instructed plaintiff to stay out of work until February 21, 1994 and prescribed medication and physical therapy.
3. Plaintiff continued treatment with Dr. Cohen and physical therapy through April 29, 1994. During this time she experienced a reduction in pain. However, the pain remained a constant presence in her everyday life.
4. Plaintiff was never formally discharged from Dr. Cohen and Dr. Cohen moved his practice to another state. Dr. Cohen promised to refer plaintiff to Dr. Fred Benedict. However, Dr. Cohen failed to forward plaintiff's medical files or to make any such referral.
5. Plaintiff encountered difficulty relating to payment of medical treatment for this back injury. Plaintiff did not pursue further medical treatment because of the difficulties she encountered in paying the medical bills related to this injury.
6. Plaintiff paid all the medical bills herself but was eventually reimbursed by National Surety Corporation in November of 1994.
7. Plaintiff did not seek any additional medical treatment after April 29, 1994.
8. On February 14, 1995, plaintiff was helping to move some seasonal furniture in the defendant/employer's warehouse. The warehouse was short staffed at this time.
9. While plaintiff was assisting moving this furniture, she felt pain in her lower back and the pain intensified over the morning. By mid-afternoon her pain had increased to the point that she reported this to her assistant manager and was sent to Coastal Medical Center.
10. Plaintiff remained out of work on the advice of her physician. On March 1, 1995, plaintiff was referred to Raleigh Orthopaedic and began treatment with Dr. Leonard D. Nelson, Jr. on March 15, 1995. At the time plaintiff had injured her back on February 14, 1995, plaintiff's prior injury of January 31, 1994 had healed. Dr. Nelson released plaintiff to return to work for restrictive duty and plaintiff continued in physical therapy. On May 11, 1995, plaintiff reported severe and incapacitating pain because of overexertion and physical therapy the day before.
11. An MRI was performed on August 4, 1994 which indicated a right lateral herniated disc at L4-5.
12. Dr. Nelson referred plaintiff to Dr. William Lestini at Triangle Spine and Back Care Center for further treatment. Dr. Lestini recommended a discography and preoperative MMPI. The discography was performed on August 24, 1995 by Dr. Gary L. Smoot and indicated a herniated disk at L5-S1.
13. In September 1995, plaintiff was then terminated from her employment with the defendant/employer.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On January 31, 1994, plaintiff sustained an injury by accident arising out of and in the scope of her employment with the defendant/employer. N.C.G.S. Section 97-2 (6).
2. As a result of her compensable injury on January 31, 1994, plaintiff is entitled to temporary total disability compensation for time that she was out of work, however plaintiff is not entitled to compensation for the first seven calendar days of the disability resulting from the compensable injury. N.C.G.S. Sections 97-29 and 97-28.
3. Plaintiff is entitled to medical treatment relating to her compensation injury of January 31, 1994. N.C.G.S. Section97-25.
4. On February 14, 1995, plaintiff sustained an injury by accident arising in and out of the course of her employment with the defendant/employer. N.C.G.S. Section 97-2 (6). This injury is a new injury.
5. As a result of her compensable injury on February 14, 1995, plaintiff is entitled to temporary disability compensation for the period of time that she is out of work. However, plaintiff is not entitled to compensation for the first seven calendar days of a disability resulting from the injury. N.C.G.S. Sections 97-29 and N.C.G.S. 97-28.
6. As a result of her compensable injury on February 14, 1995, plaintiff is entitled to medical treatment. N.C.G.S. Section 97-25.
******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. For her compensable injury on January 31, 1994, plaintiff is entitled to temporary disability compensation for the period that she was out of work, however, plaintiff is not entitled to compensation for the first seven days of the disability resulting from this injury. Said amount shall be paid in lump sum, subject to the attorney fee approved in paragraph five. National Surety Corporation is the carrier on risk and shall pay this temporary total disability compensation.
2. National Surety Corporation shall pay medical expenses resulting from plaintiff's compensable injury on January 1, 1994.
3. For her temporary total disability, plaintiff is entitled to temporary total disability compensation for her injury of February 14, 1995. However, plaintiff is not entitled to compensation for the first seven calendar days of the disability resulting from an injury. Said amount shall be paid in lump sum, and subject to attorney's fee approved in paragraph five. Royal Insurance Company is the insurer on risk for this compensable injury.
4. Royal Insurance Company shall pay all medical expenses relating from plaintiff's compensable injury on February 14, 1995.
5. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under paragraphs one and three of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff under paragraph one of this award shall be deducted and paid directly to plaintiff's counsel.
6. Defendants shall pay the costs.
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/rst
5/20/97